**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Dejuan Markeiss Hopson,<br>Petitioner,<br>v.<br>Ryan Thornell, et al.,<br>Respondents. | No. CV-26-02598-PHX-SMB (DMF)<br><br>**ORDER** |

This matter is before the Court on Petitioner's Motion to Stay Proceedings, Preserve and Develop Newly Discovered Evidence, Authorize Discovery, Expand the Record, and Request an Evidentiary Hearing (the "Motion") (Doc. 17). Respondents filed a response to the Motion ("Response") (Doc. 18). Petitioner has not filed a reply in support of the Motion, and the time to do so has expired.

This matter is on referral to the undersigned for further proceedings and a report and recommendation pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure (Doc. 5 at 5). An order regarding the Motion falls within the scope of the referral to the undersigned (*Id.*).

Upon careful consideration of the Motion, Response, the record in this matter, and applicable law, the Court will grant in part the Motion insofar as allowing Petitioner another opportunity to file his reply in support of his pro se Petition Under 28 U.S.C § 2254 for a Writ of Habeas Corpus by a Person in State Custody (Non-Death Penalty) ("Petition") and will otherwise deny the motion. Additionally and despite that Respondents have

complied with their obligation to file pertinent transcripts and portions of the state court record, the Court will exercise its discretion and for case management purposes will order that Respondents additionally file and mail to Plaintiff the 5/10/19 suppression hearing transcript conducted under different cause number CR2018–104563.

## I. BACKGROUND AND PROCEDURAL POSTURE

On April 7, 2026, Petitioner Dejuan Markeiss Hopson ("Petitioner" and/or "Hopson") initiated these proceedings by filing the Petition directed to Petitioner's convictions and sentences for two counts of misconduct involving weapons in Maricopa County Superior Court case number CR-2018-139646-002 (Doc. 1).

As summarized by the Arizona Court of Appeals in confirming Petitioner's convictions:

> In August 2018, a trooper with the Arizona Department of Public Safety stopped Hopson for failing to remain within a traffic lane. See A.R.S. § 28–729(1) (requiring a driver to remain "'as nearly as practicable'" within one lane). Although Hopson denied having any weapons in the vehicle, the trooper saw and seized an AR-15 pistol from near the front driver's seat. The only other occupant of the vehicle, Hopson's girlfriend, denied any knowledge of the pistol. At the time, Hopson was prohibited from possessing weapons as a condition of his felony probation. His partial fingerprint was later found on the pistol.

(Doc. 12-1 at 561; *State v. Hopson*, No. 1 CA-CR 20-0444, 2021 WL 5002366, at *1 (Ariz. Ct. App. Oct. 28, 2021)).[1] Ultimately, Petitioner was sentenced to a total of twelve (12) years' imprisonment in Maricopa County Superior Court case number CR-2018-139646-002 (Doc. 12-1 at 453-62, 465-76, 636-41).

As construed by the Court in screening the Petition, Petitioner raises four grounds for relief:

---

[1] The appellate court's stated facts are entitled to the presumption of correctness. *See* 28 U.S.C. § 2254(e)(1); *Purkett v. Elem*, 514 U.S. 765, 769 (1995) (per curiam) ("In habeas proceedings in federal courts, the factual findings of state courts are presumed to be correct."); *Runningeagle v. Ryan*, 686 F.3d 758, 763 n.1 (9th Cir. 2012) (rejecting argument that the statement of facts in an Arizona Supreme Court opinion should not be afforded the presumption of correctness).

> In **Ground One**, Petitioner contends his convictions were obtained in violation of his Fourth, Sixth, and Fourteenth Amendment rights because the trial court abused its discretion in denying Petitioner's motion to suppress. He also claims he received ineffective assistance of counsel because his attorney did not file a special action challenging the trial court's ruling.
>
> In **Ground Two**, Petitioner alleges his convictions were obtained in violation of his Fourteenth Amendment due process rights because the State knowingly used "material perjured and[/]or misleading testimony" to obtain the grand jury indictment, which "ultimately lead to prosecutorial misconduct." Petitioner also contends he received ineffective assistance of counsel because "the grand jury defects should have and could have been rooted out and challenged" but his attorney failed to "review, prepare, and pursue the infirm[i]ties of the grand jury proceedings."
>
> In **Ground Three**, Petitioner asserts his convictions and sentences were obtained in violation of his Fourteenth Amendment rights to due process and fundamental fairness because "the sentence as imposed is not in accordance to state law." He also claims he received ineffective assistance of counsel because his attorney "improperly permitted Petitioner to admit to prior felony convictions by stipulating to being on release at the time of the offense."
>
> In **Ground Four**, Petitioner contends his convictions were obtained in violation of his Fourteenth Amendment rights to due process, equal protection, and fundamental fairness because the trial judge was "inherently biased against the Petitioner." He also asserts he received ineffective assistance of counsel because his attorney failed to "object and challenge the judge[']s actions."

(Doc. 5 at 2; *see* Doc. 1).

On June 15, 2026, Respondents filed a Limited Answer to Petition for Writ of Habeas Corpus ("Limited Answer"), in which Respondents argue that the Petition is untimely and Petitioner's grounds for relief are procedurally defaulted without excuse (Doc. 12).

Respondent attached the following fifty-seven exhibits to its Limited Answer, including jury trial transcripts other than voir dire (*see* Doc. 12 at 2-3, 27-29; Doc. 12-1): Exhibit A. Indictment; Exhibit B. Allegation of historical prior felony convictions; Exhibit C. Allegation offenses committed while on probation; Exhibit D. Allegations offenses

committed while on release; Exhibit E. Motion to suppress; Exhibit F. Response to motion to suppress; Exhibit G. Reply to response to motion to suppress; Exhibit H. Reporter transcript: Suppression hearing (08/23/19); Exhibit I. Reporter transcript: Jury trial (10/16/19, a.m.); Exhibit J. Reporter transcript: Jury trial (10/16/19, p.m.); Exhibit K. Reporter transcript: Jury trial (10/17/19); Exhibit L. Reporter transcript: Sentencing hearing (08/28/20); Exhibit M. Reporter transcript: Sentencing hearing (09/01/22); Exhibit N. Opening brief in 1 CA-CR 20-0444; Exhibit O. Answering brief and cross-appeal opening brief in 1 CA-CR 20-0444; Exhibit P. Reply brief and cross-appeal answering brief in 1 CA-CR 20 0444; Exhibit Q. Cross-appeal reply brief in 1 CA-CR 20-0444; Exhibit R. Arizona Court of Appeals memorandum decision in 1 CA-CR 20-0444; Exhibit S. Petition for review in CR-21-0358-PR; Exhibit T. Order denying petition for review in CR-21-0358-PR; Exhibit U. Mandate in 1 CA-CR 20-0444; Exhibit V. Anders brief in 1 CA-CR 23-0071; Exhibit W. Appellant's supplemental brief in 1 CA-CR 23-0071; Exhibit X. Appellee's supplemental brief in 1 CA-CR 23-0071; Exhibit Y. Arizona Court of Appeals memorandum decision in 1 CA-CR 23-0071; Exhibit Z. Mandate in 1 CA-CR 23-0071; Exhibit AA. Notice of post-conviction relief (09/28/20); Exhibit BB. Trial court minute entry (10/20/20); Exhibit CC. Trial court minute entry (03/09/22) Exhibit DD. Notice of post-conviction relief (04/05/22); Exhibit EE. Petition for post-conviction relief (04/05/22); Exhibit FF. Notice of post-conviction relief (05/03/22) Exhibit GG. Notice of post-conviction relief (06/30/22); Exhibit HH. Petition for post-conviction relief (06/30/22) Exhibit II. Trial court minute entry (09/27/22); Exhibit JJ. Notice of appeal in 1 CA-CR 22-0461; Exhibit KK. Order in 1 CA-CR 22-0461; Exhibit LL. Letter in 1 CA-CR 22-0471; Exhibit MM. Order in 1 CA-CR 22-0471; Exhibit NN. Letter in 1 CA-CR 22-0480; Exhibit OO. Order in 1 CA-CR 22-0480; Exhibit PP. Notice of post-conviction relief (09/28/22); Exhibit QQ. Trial court minute entry (10/19/22); Exhibit RR. Petition for post-conviction relief (02/15/23); Exhibit SS. Trial court minute entry (02/21/23); Exhibit TT. Notice of post-conviction relief (09/24/24); Exhibit UU. Trial court minute entry (10/10/24); Exhibit VV. Notice of completion of post-conviction review by counsel;

Exhibit WW. Trial court minute entry (12/12/24); Exhibit XX. Trial court minute entry (02/11/25); Exhibit YY. Maricopa County Superior Court docket sheet (No. CR2018-139646-002); Exhibit ZZ. Arizona Court of Appeals docket sheet (No. 1 CA-CR 20-0444); Exhibit AAA. Arizona Supreme Court docket sheet (No. CR-21-0358-PR); Exhibit BBB. Arizona Court of Appeals docket sheet (No. 1 CA-CR 23-0071); Exhibit CCC. Arizona Court of Appeals docket sheet (No. 1 CA-CR 22-0461); Exhibit DDD. Arizona Court of Appeals docket sheet (No. 1 CA-CR 22-0471); Exhibit EEE. Arizona Court of Appeals docket sheet (No. 1 CA-CR 22-0480).

Noteworthy is that Exhibit H is the official reporter transcript of the suppression hearing conducted on August 23, 2019, over which the Honorable Kathleen Mead, trial court judge, presided in the case which is the subject of the Petition (Doc. 12-1 at 42-120).

The only available transcripts not furnished with the Limited Answer are reported by Respondents to be for the: Evidentiary hearing on 08/20/18; Status conference on 09/06/18; Initial pretrial conference on 10/05/18; Comprehensive pretrial conference on 11/05/18; Settlement conference on 03/22/19; Final trial management conference on 05/01/19; Suppression hearing on 05/10/19; Trial management conference on 10/10/19; Jury trial on 10/14/19 (voir dire); Sentencing continuance on 01/17/20; and Status conference on 07/20/22 (Doc. 12 at 2-3). Regarding the 5/10/19 suppression hearing, Respondents state that "[t]his suppression hearing was conducted under a different cause number, CR2018–104563" and the "matter was dismissed after the trial court granted the suppression motion" (*Id.* at 2, footnote 1). Respondents state that any of the available transcripts listed by them "can be furnished on demand" in response to an order of the Court (*Id.* at 2).

Regarding the exhibits attached to the Limited Answer, Respondents reported in their Limited Answer:

> As required by Rule 5 of the Rules Governing 28 U.S.C. § 2254 cases, Respondents submit as exhibits all relevant pleadings and orders from Hopson's state court proceedings. Rule 5(c) also requires Respondents to

> "indicate what transcripts (of pretrial, trial, sentencing or post-conviction proceedings) are available, when they can be furnished, and what proceedings have been recorded but not transcribed."
>
> Respondents are only required to attach those parts of the transcript that they consider relevant. *Id.*

(Doc. 12 at 2-3).

Petitioner sought and obtained from the Court an extension of time to file a reply in support of his Petition (Docs. 13, 15). Petitioner has not filed a reply in support of the Petition but instead filed his pending Motion before reply time expired (Doc. 15).

## II. PETITIONER'S MOTION TO STAY PROCEEDINGS, PRESERVE AND DEVELOP NEWLY DISCOVERED EVIDENCE, AUTHORIZE DISCOVERY, EXPAND THE RECORD, AND REQUEST AN EVIDENTIARY HEARING (THE "MOTION") (Doc. 17)

Petitioner's pending Motion appears to be a boilerplate template likely to have been prepared by a non-lawyer lacking an accurate and complete understanding of the law in this procedural context (Doc. 17). The boilerplate template contains a panoply of requests (*Id.*). On the template, Petitioner hand-wrote some information identifying himself and about his case in the several blank spaces and lines provided (*Id.*). The materials requested, relief sought, and reasons provided in the type-written template portions are extremely broad and general (*Id.*). Consistent with the kitchen-sink approach of the template, Petitioner requests that the Court order the following: (1) stay or otherwise hold in abeyance further proceedings, (2) extend all applicable deadlines, (3) grant leave to conduct discovery, (4) authorize discovery of the courtroom video and audio recordings including of a May 10, 2019, proceeding in a different case than the case that is subject of this habeas matter, (5) order that relevant evidence be preserved, (6) permit petitioner to expand the record, (7) appoint investigative assistance or counsel, (8) permit petitioner to supplement his petition or the record after newly discovered evidence has been obtained, (9) hold an evidentiary hearing if material factual disputes remain, and (10) grant any

further relief as the Court sees proper (*Id.*).

The template portion of the Motion includes general assertions that the Court should grant the relief requested because "newly discovered, previously unavailable, insufficiently investigated, and/or presently obtainable evidence that is material to the constitutional claims presented" (*Id.* at 1), that there is good cause for discovery (*Id.* at 4), that Petitioner has a substantial need for investigative assistance and also requests counsel if Petitioner qualifies for such (*Id.* at 5), and that an evidentiary hearing is appropriate for Petitioner to present additional evidence (*Id.* at 7). Petitioner added in a handwritten place on the template that courtroom video and audio recordings from a May 10, 2019, evidentiary hearing regarding a motion to suppress in a different case will show that the presiding trial court judge in the suppression hearing in the case regarding which these habeas proceedings relate, the Honorable Kathleen Mead, "was biased in the denial" of Petitioner's motion to suppress regarding "the legality of the traffic stop" in the case at issue in these habeas proceedings (*Id.* at 3-4). Petitioner also wrote by hand in the template that discovery will pertain to facts concerning reasonable suspicion, probable cause, and a biased ruling (*Id.* at 4). Petitioner handwrote that the factual issues to be developed at an evidentiary hearing are "proof of legal innocence, proof of wrongful incarceration, and proof of prejudice and biased judge" (*Id.* at 7).

In their Response (Doc. 18), Respondents argue that Petitioner is not entitled to a stay, Petitioner's claim of newly discovered evidence is a mere fishing expedition, Petitioner has not shown good cause for discovery, record expansion is unwarranted, and an evidentiary hearing is unwarranted (*Id.* at 1-7). Respondents expressly take no position regarding the appointment of an investigator and do not address the appointment of counsel request (*Id.*).

Petitioner has not filed a reply in support of the Motion and his time to do so has expired.

Upon careful review, Petitioner has not demonstrated that he is presently entitled to any of the relief requested in the Motion. In fairness to Petitioner, the Court will grant the

motion in part insofar as allowing Petitioner another opportunity to file a reply in support of the Petition and will otherwise deny the motion. Additionally and despite that Respondents have complied with their obligation to file pertinent transcripts and portions of the state court record, the Court will exercise its discretion and order that Respondents additionally file and mail to Plaintiff the 5/10/19 suppression hearing transcript conducted under a different cause number CR2018–104563.

**A. State Court Record Materials**

In relevant part, Rule 5 of the Rules Governing Section 2254 Cases ("Rule 5") provides:

> **(c) Contents: Transcripts.** The answer must also indicate what transcripts (of pretrial, trial, sentencing, or post-conviction proceedings) are available, when they can be furnished, and what proceedings have been recorded but not transcribed. The respondent must attach to the answer parts of the transcript that the respondent considers relevant. The judge may order that the respondent furnish other parts of existing transcripts or that parts of untranscribed recordings be transcribed and furnished. If a transcript cannot be obtained, the respondent may submit a narrative summary of the evidence.
>
> **(d) Contents: Briefs on Appeal and Opinions.** The respondent must also file with the answer a copy of:
>
> > (1) any brief that the petitioner submitted in an appellate court contesting the conviction or sentence, or contesting an adverse judgment or order in a post-conviction proceeding;
> >
> > (2) any brief that the prosecution submitted in an appellate court relating to the conviction or sentence; and
> >
> > (3) the opinions and dispositive orders of the appellate court relating to the conviction or the sentence.

In addition, Rule 7, Rules Governing Section 2254 Cases, provides authority for the Court "to expand the record by submitting additional materials relating to the petition." *See also* Rule 10, Rules Governing Section 2254 Cases ("A magistrate judge may perform the duties of a district judge under these rules, as authorized under 28 U.S.C. § 636.").

Upon review, the Court finds that Respondents complied with Rule 5. Nevertheless, both parties appear to believe the 5/10/19 suppression hearing transcript conducted under a different cause number CR2018–104563 has some relevance to the case at issue in these habeas proceedings. Thus, the Court will exercise its case management discretion, including under Rule 7, and will order that Respondents additionally file and mail to Plaintiff the 5/10/19 suppression hearing transcript conducted under different cause number CR2018–104563. Because certified transcription is the official record of the Maricopa County Superior Court, *see* Arizona Supreme Court Rule 30, and because the Rules Governing Section 2254 Cases contemplate provision of transcripts when available, Petitioner's request for audio and video of any hearing, including 5/10/19 suppression hearing conducted under a different cause number CR2018–104563, will be denied.

**B. Discovery Is Not Warranted**

In relevant part, Rule 6 of the Rules Governing Section 2254 Cases provides:

> **(a) Leave of Court Required.** A judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of discovery. If necessary for effective discovery, the judge must appoint an attorney for a petitioner who qualifies to have counsel appointed under 18 U.S.C. § 3006A.
>
> **(b) Requesting Discovery.** A party requesting discovery must provide reasons for the request. The request must also include any proposed interrogatories and requests for admission, and must specify any requested documents.

*See also* Rule 10 of the Rules Governing Section 2254 Cases ("A magistrate judge may perform the duties of a district judge under these rules, as authorized under 28 U.S.C. § 636.").

In habeas proceedings, a "petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." *Bracy v. Gramley*, 520 U.S. 899, 904 (1997); *see also* Fed. R. Civ. P. 26(a)(1)(B)(iii) (exempting habeas proceedings from initial discovery disclosure). The availability of discovery in habeas proceedings is governed by Rule 6 of the Rules Governing Section 2254 Cases and is within the Court's discretion. *Bracy*, 520 U.S. at 907-09; *Rich v. Calderon*, 187 F.3d 1064, 1068 (9th Cir.

1999). Good cause to allow discovery to proceed in a Section 2254 habeas matter may exist "where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief.'" *Bracy*, 520 U.S. at 908-09 (quoting *Harris v. Nelson*, 394 U.S. 286, 300 (1969)). However, "[j]ust as bald assertions and conclusory allegations do not afford a sufficient ground for an evidentiary hearing, neither do they provide a basis for imposing upon the state the burden of responding in discovery to every habeas petitioner who wishes to seek such discovery." *Earp v. Davis*, 881 F.3d 1135, 1142-43 (9th Cir. 2018) (internal citations omitted). The Ninth Circuit has warned that a court "should not allow prisoners to use federal discovery for fishing expeditions to investigate mere speculation." *Calderon v. U.S. Dist. Ct. for the N. Dist. of California*, 98 F.3d 1102, 1106 (9th Cir. 1996).

Upon careful review, the Court agrees with Respondents that Petitioner has not shown good cause for the Court to order any of the general categories of discovery sought by Petitioner. Thus, the Court will deny Petitioner's request for discovery and related relief.

**C. Appointment Of Counsel Or Investigator And Evidentiary Hearing**

"Indigent state prisoners applying for habeas corpus relief are not entitled to appointed counsel unless the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations." *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986). However, the Court has discretion to appoint counsel when "the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B).

Given that no discovery is warranted at this stage of these proceedings, the request for appointed counsel or an investigator is premature. So is Petitioner's request for a ruling regarding whether or not an evidentiary hearing is warranted. Indeed, Rule 8(b), Rules Governing Section 2254 Cases, provides:

> **(a) Determining Whether to Hold a Hearing.** If the petition is not dismissed, the judge must review the answer, any transcripts and records of state-court proceedings, and any materials submitted under Rule 7 to

determine whether an evidentiary hearing is warranted

Moreover, The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") governs Petitioner's habeas proceedings because Petitioner filed the Petition after April 24, 1996, the date AEDPA became effective. *Patterson v. Stewart*, 251 F.3d 1243, 1245 (9th Cir. 2001) (citing *Smith v. Robbins*, 528 U.S. 259, 268 n.3 (2000)). AEDPA imposes "an express limitation on the power of a federal court to grant an evidentiary hearing" in habeas proceedings and has "reduced considerably the degree of the district court's discretion." *Baja v. Ducharme*, 187 F.3d 1075, 1078 (9th Cir. 1999) (internal quotation marks and citation omitted). Title 28, Section 2254(e)(2) of the United States Code "restricts the discretion of federal habeas courts to consider new evidence when deciding claims that were not adjudicated on the merits in state court." *Cullen v. Pinholster*, 563 U.S. 170, 186 (2011) (citing *Williams v. Taylor*, 529 U.S. 420, 427-29 (2000)). Section 2254(e)(2) provides that if a habeas petitioner:

> has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that—
>
> (A) the claim relies on—
>
> (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
>
> (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable fact-finder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2254(e)(2); *see also Ramirez*, 596 U.S. at 389 (2022) ("[W]hen a federal habeas court convenes an evidentiary hearing for any purpose, or otherwise admits or reviews new evidence for any purpose, it may not consider that evidence on the merits of

a negligent prisoner's defaulted claim unless the exceptions in § 2254(e)(2) are satisfied."). In short, neither expansion of the record, nor an evidentiary hearing, are necessary when the existing record clearly shows that a petitioner is not entitled to habeas relief. *See Schriro v. Landrigan*, 550 U.S. 465, 474 (2007) ("[I]f the record ... precludes habeas relief, a district court is not required to hold an evidentiary hearing" or otherwise expand the record).

Upon review, the Court finds that Petitioner has not demonstrated that appointment of counsel or an investigator is necessary to prevent a violation of due process or is otherwise warranted in the interests of justice at this time. The Court will deny without prejudice Petitioner's request for appointment of counsel and of an investigator. Petitioner's request for an evidentiary hearing is noted and will be reviewed under the appropriate standards upon conclusion of the Petition briefing. If the Court determines after review of the Petition, Response, and a to be filed reply in support of the Petition that an evidentiary hearing in front of the District Judge is warranted, counsel will be appointed in accordance with Rule 8(c) of the Rules Governing Section 2254 Proceedings.

### D. Petitioner is Not Entitled to a Stay

Upon careful review, Petitioner does not argue that the Petition contains any claims which are unexhausted in state court and for which exhaustion in state court is still possible. *See King v. Ryan*, 564 F.3d 1133, 1139-40 (9th Cir. 2009). Nor do such claims appear to the Court upon review of this Court's record thus far. Moreover, Petitioner has not established good cause to stay these habeas proceedings. Further, the Court is providing an additional opportunity for Petitioner to file a reply in support of the Petition after the filing of the 5/10/19 suppression hearing transcript conducted under different cause number CR2018–104563. Thus, Petitioner's request for a stay is denied.

## III. CONCLUSION

The Court will grant in part Petitioner's Motion to Stay Proceedings, Preserve and Develop Newly Discovered Evidence, Authorize Discovery, Expand the Record, and Request an Evidentiary Hearing ("Motion") (Doc. 17) insofar as granting Petitioner

another opportunity to file a reply in support of the Petition and will otherwise deny the Motion. Petitioner is hereby on notice that the Court is not inclined to further extend the reply deadline. Additionally and despite that Respondents have complied with their obligation to file pertinent transcripts and portions of the state court record, the Court will exercise its discretion and for case management purposes will order that Respondents promptly file with the Court and mail to Plaintiff the 5/10/19 suppression hearing transcript conducted under different cause number CR2018–104563.

Accordingly,

**IT IS HEREBY ORDERED** granting in part Petitioner's Motion to Stay Proceedings, Preserve and Develop Newly Discovered Evidence, Authorize Discovery, Expand the Record, and Request an Evidentiary Hearing ("Motion") (Doc. 17) insofar as granting Petitioner another opportunity to file a reply in support of the Petition as set forth herein and otherwise denying the Motion.

**IT IS FURTHER ORDERED** that within **seven (7) days** of the date of this Order, Respondents shall file with the Court and mail a copy to Plaintiff the 5/10/19 suppression hearing transcript conducted under different cause number CR2018–104563.

**IT IS FURTHER ORDERED** that Petitioner may file a reply in support of his Petition no later than **forty-five (45) days** from the date of this Order.

**IT IS FURTHER ORDERED** notifying Petitioner that the Court is not inclined to further extend deadline for Petitioner to file a reply in support of the Petition.

Dated this 13th day of October, 2026.

Deborah M. Fine

Honorable Deborah M. Fine
United States Magistrate Judge